554 P.2d 1281

**Neil Michael ROCKWOOD, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and Ben C. Birdsall, Judge of the Superior Court, Division IX, Respondent,**

and

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA–CIV 2291.**

Court of Appeals of Arizona,
Division 2.

Sept. 14, 1976.

John M. Neis, Pima County Public Defender by Roger W. Taylor, Asst. Public Defender, Tucson, for petitioner.

David G. Dingeldine, Pima County Atty. by Larry Lingeman, Deputy County Atty., Tucson, for real party in interest.

## OPINION

HOWARD, Chief Judge.

Petitioner brings this special action seeking a preliminary hearing in connection with probation revocation proceedings. He claims the trial court failed to perform a duty required by law. Since petitioner is incarcerated pending this decision, and since we find that an adequate remedy is not afforded by the appeal process, we take jurisdiction but deny relief.

On July 1, 1976, the petitioner's probation officer filed a petition to revoke probation and on that same date, Pima County Superior Court Judge Norman S. Fenton ordered a warrant issued for the petitioner's arrest. He was brought before Judge Fenton for his initial appearance and subsequently made a demand for a preliminary hearing. The demand was ultimately denied by the respondent court.

Petitioner cites case law prior to the amendment of the Arizona Rules of Criminal Procedure for the proposition that due process in instances such as this demands two hearings—a preliminary hearing and a final revocation hearing. The Arizona cases he relies on followed the United States Supreme Court dictates in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

Arizona's Rule 27.7 effective as of August 1, 1975, states:

"a. Revocation Arraignment.

(1) The revocation arraignment shall be held no more than 7 days after service of the summons or the probationer's initial appearance under Rule 27.6 before the issuing or assigned judge.

(2) The court shall inform the probationer of each alleged violation of probation and the probationer shall admit or deny each such allegation.

(3) If no admission is made or if an admission is not accepted, the court will set a violation hearing, unless both par-

ties agree that a violation hearing may proceed forthwith."

The question, then, is whether Arizona's rule, as applied here, is untouched by the dictates of *Gagnon* and *Morrissey*.

The individuals in *Morrissey* and *Gagnon* had been placed under arrest and detained by their respective probation officers prior to any official action taken toward revocation. As the Supreme Court of Montana has said:

"In that perspective it is apparent that the requirement of a preliminary hearing was necessary to insure that some neutral body could hear the evidence and protect the rights of the accused if the charges were patently false or unjust." *Petition of Meidinger*, 539 P.2d 1185, 1190 (Mont.1975).

See, *McGuire v. Warden of State Farm, [State Penitentiary]*, 229 N.W.2d 211 (N. D.1975).

In the instant case, the probation officer presented his case to Judge Fenton who issued a warrant for petitioner's arrest. The situation is obviously different as here a disinterested judicial officer made the initial detention determination, not an administrative board as in *Gagnon* and *Morrissey*. We can analogize to *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) in which the petitioner, arrested without a warrant was granted a preliminary hearing. The Court stated that the issue as to whether the arrested person can be detained pending further proceedings can be determined reliably without an adversary hearing. An informal proceeding is approved, informality which does not dictate appointed counsel or other safeguards necessary in a "critical stage" proceeding. *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). The court in *Gerstein* concluded that while states may differ in their pretrial procedures, they

". . . must provide a fair and reliable determination of probable cause as a condition for any significant pretrial re-straint of liberty, and this determination must be made by a judicial officer either before or *promptly after arrest.*" 420 U.S. at 125, 95 S.Ct. at 868.

Under the Arizona rule, then, where petitioner was arrested pursuant to a warrant, he has had his informal judicial determination of probable cause. Therefore he is only entitled to notice, and a right to be heard, the traditional due process requirements, which he is given under Rule 27.6. We see no constitutional defect in Arizona's rule and therefore deny petitioner's request for relief.

Relief denied.

KRUCKER and HATHAWAY, JJ., concur.